# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

EDWIN E. DILONE,
            Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
            Agency.

DOCKET NUMBER
DA-300A-17-0387-I-1

DATE: March 29, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edwin E. Dilone, Eagle Point, Oregon, pro se.

Patrick A. Keen, Shreveport, Louisiana, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

# FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his employment practices appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2     As further detailed in the initial decision, the agency posted vacancy announcement VHA-671-17-GC-1940564-BU, a hybrid title 38 Social Worker position.  *Dilone v. Department of Veterans Affairs*, MSPB Docket No. DA-300A-17-0387-I-1, Initial Appeal File (0387 IAF), Tab 5 at 12-18, Tab 11, Initial Decision (0387 ID) at 2, 4.  Among other things, the announcement noted that persons hired to the position "must be licensed or certified by a state to independently practice social work at the master's degree level."  0387 IAF, Tab 5 at 13.  The appellant applied for the vacancy but acknowledged that he lacked that qualification. *Id*. at 30.  Therefore, the agency deemed him ineligible. *Id*. at 31-32.

¶3     The appellant filed a pleading with the Board, challenging his nonselection.  0387 IAF, Tab 1.  The regional office docketed the matter as two separate

appeals. The first, which is currently before us, was an employment practices appeal. 0387 IAF, Tab 2 at 1-2. The second, which is not before us at this time, was a Veterans Employment Opportunities Act of 1998 (VEOA) appeal. 0387 ID at 2 n.2; *Dilone v. Department of Veterans Affairs*, MSPB Docket No. DA-3330-17-0380-I-1, Initial Appeal File (0380 IAF), Tab 3.

¶4      After affording the appellant an opportunity to establish jurisdiction over his nonselection in the instant employment practice appeal, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. 0387 ID at 1. The appellant has filed a petition for review. *Dilone v. Department of Veterans Affairs*, MSPB Docket No. DA-300A-17-0387-I-1, Petition for Review (0387 PFR) File, Tab 1. The agency has filed a response, and the appellant has replied. 0387 PFR File, Tabs 3-4.

¶5      As to the appellant's employment practice claim at issue in the instant appeal, part 300, governing employment practices, only applies to positions in the competitive service. 5 C.F.R. § 300.101; *see McKnight v. Department of Defense*, 103 M.S.P.R. 255, ¶¶ 9-10 (2006), *aff'd per curiam*, 227 F. App'x 913 (Fed. Cir. 2007). Yet the undisputed evidence shows that the Social Worker position the appellant applied for was in the excepted service. 0387 IAF, Tab 5 at 12; 0387 PFR File, Tab 1 at 6; *see Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 8 (2010) (recognizing that the positions identified in 38 U.S.C. § 7401 are in the excepted service); *see also* 38 U.S.C. § 7401(3) (listing certain positions relating to the health care of veterans, including the Social Worker position). Accordingly, we agree with the administrative judge's determination that the appellant cannot establish jurisdiction over his nonselection as an employment practice claim. 0387 ID at 4-6.

¶6      The appellant's petition contains no substantive challenge to the administrative judge's analysis regarding jurisdiction in the context of his

employment practice claim. All of his arguments pertain to jurisdiction in the context of a VEOA claim.[3] 0387 PFR File, Tab 1 at 4-12. However, those arguments are unavailing in this appeal.[4] *See Meeker v. Merit Systems Protection Board*, 319 F.3d 1368, 1374 (Fed. Cir. 2003) (recognizing that, "[i]In challenges to employment practices, the relevant Office of Personnel Management regulation, 5 C.F.R. § 300.104(a), does not give the Board jurisdiction over any and all legal challenges to employment practices; it grants jurisdiction to the Board only with respect to challenges based on the three grounds set forth in 5 C.F.R. § 300.103," which do not include violations of veterans' preference)). Therefore, we affirm the initial decision, dismissing this employment practices appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[3] The petition does contain the phrase, "employment practice," but only once and only in the context of alleging that the agency violated his veterans' preference rights. 0387 PFR File, Tab 1 at 7. To the extent that the appellant's reply does include an employment practice argument, 0387 PFR File, Tab 4 at 5-6, he waived the matter by failing to raise it in his petition, *see* 5 C.F.R. § 1201.114(a)(4) (recognizing that a reply "is limited to the factual and legal issues raised by another party in the response to the petition . . . [and] may not raise new allegations of error").

[4] Because the appellant already had a separate VEOA appeal concerning the same nonselection, we will not forward the VEOA claims presented on review in this employment practice appeal for docketing as a new appeal. 0380 IAF, Tabs 1, 3. Because the appellant's petition for review and reply in the instant employment practice appeal predate the initial decision in his VEOA appeal, it would also be inappropriate to construe them as a petition for review in that VEOA appeal. *Compare* 0387 PFR File, Tabs 1, 4 (the appellant's petition for review and reply brief in this employment practices appeal, both dated September 2017), *with* 0380 IAF, Tab 11 (the initial decision in the appellant's VEOA appeal, dated October 2017).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C.</u> <u>§ 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.